Bailey WILLOUGHBY, Plaintiff–
Appellant,

v.

Donald DENNISON; et al.,
Defendants–Appellees.

No. 02–15183.

D.C. No. CV–97–01703–KJD(PAL).

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM**

Bailey Willoughby, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of defendants Dennison, Saxon, and Haggerty in Willoughby's 42 U.S.C. § 1983 action alleging that Saxon violated his civil rights by arresting him for a suspected parole violation, that Haggerty violated his right to due process when he found probable cause to believe that a parole violation had occurred in a preliminary parole revocation hearing, and Dennison violated Willoughby's civil rights by issuing a retake warrant. Willoughby also appeals the district court's order, pursuant to Fed.R.Civ.P. 4(m), dismissing the remaining defendants

for failure to effect timely service. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's summary judgment, *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998), and for abuse of discretion the dismissal without prejudice for failure to timely serve a summons and complaint, *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated on other grounds by Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Because Willoughby's claims against Saxon, Haggerty, and Dennison arose from his parole revocation proceeding, they were entitled to absolute immunity. *See* Nev.Rev.Stat. § 213.10705; *Anderson v. Boyd,* 714 F.2d 906, 909 (9th Cir.1983). The district court, therefore, properly granted summary judgment.

The district court properly dismissed the remaining defendants for failure to effect timely service because Willoughby failed to show good cause why he did not provide the United States Marshal with addresses for those defendants during the two years between the filing of the complaint and dismissal of the unserved defendants. *See Walker,* 14 F.3d at 1422 (9th Cir.1994).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.